# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MADONNA BUSTILLOS, FRANSISCO CONTRERAS,
CONCEPCION T. HERNANDEZ, MARTHA S. JIMENEZ,
and AMANDA VOGELSANG-WOLF, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

vs.                                                        No. 13-CV-00971 LAM-GBW

BOARD OF COUNTY COMMISSIONERS
OF HIDALGO COUNTY,

       Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT, STATE WAGE AND HOUR LAWS,
BREACH OF CONTRACT AND UNJUST ENRICHMENT
COLLECTIVE ACTION COMPLAINT (29 U.S.C. §216(b))**

COMES NOW Defendant, Board of County Commissioners of the County of Hidalgo, by

and through its attorneys of record, Butt Thornton & Baehr PC (Agnes Fuentevilla Padilla) and

for its Answer to Plaintiffs' Complaint for Violations of the Fair Labor Standards Act, State

Wage and Hour Laws, Breach of Contract and Unjust Enrichment Collective Action Complaint

(29 U.S.C. §216(b), states as follows:

1.    In response to the allegations contained in Paragraph 1 of Plaintiffs' Complaint,

Defendant admits Plaintiffs are suing on behalf of a proposed class of all current and former

Detention Officers and Emergency Dispatch Operators who are or were employed by Defendant

at the Hidalgo County Detention Center or Hidalgo County Central Dispatch, and that Plaintiffs

I:\Attorney\afp\05419\0161\PLEADING\00754358.DOC

are bringing various claims against Defendant.  Defendant denies any basis for bringing such claims against it.

2.     In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant admits Plaintiffs are bringing this action under state wage and hour laws and the federal Fair Labor Standards Act.  Defendant denies any basis for bringing such claims against it.

3.     In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant states that some of the named Plaintiffs are detention officers, classified under FLSA and as such their overtime is computed based on a two-week period for hours worked in excess of 80 hours for the period.  The remaining named Plaintiffs are paid by the hour and are entitled to receive one and one-half times their hourly rate for work beyond 40 hours per week under state and federal law.  Defendant admits that the named Plaintiffs were employed by Defendant at some point during the last three years.

### JURISDICTION AND VENUE

4.     In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits that Hidalgo County is a municipal corporation located in the State of New Mexico.  Defendant denies the remaining allegations contained therein.

5.     Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

6.     Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.     Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

### GENERAL ALLEGATIONS

8.      In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits two of the named Plaintiffs work or worked for Defendant as Detention Officers, and one worked as a Corporal at the Hidalgo County Detention Center, but denies any potential Plaintiffs work or worked as Lieutenants at the Hidalgo County Detention Center. Defendant admits the remaining allegations contained in Paragraph 8 as the duties relate to Plaintiffs who were or are employed as Detention Officers.

9.      Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint as it pertains to Detention Center Plaintiffs.

10.     In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant denies that Emergency Dispatch Plaintiffs are required to reconcile the call logs at the end of each shift, and states they are required to reconcile call logs at the end of each call, which requires the finalizing of paperwork.  Defendant admits the remaining allegations contained therein.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant admits Plaintiffs are scheduled and paid for the length of their shifts for time actually worked by each employee.  Defendant denies the remaining allegations contained therein.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.   Defendant denies the allegations contained in Paragraph 15 of the Complaint, as only detectives and corporals are on call.

<u>**COLLECTIVE ALLEGATIONS**</u>

16.   In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits Plaintiffs are bringing this action as a collective action pursuant to 29 U.S.C. §216(b) on their behalf and on behalf of all similarly situated employees employed by Defendant.  Defendant denies any basis for bringing such claims.

17.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

18.   The allegations contained in Paragraph 18 of Plaintiffs' Complaint are not factual contentions and call for a legal conclusion; therefore, no response is required.  In the event that any of the allegations contained therein can be construed against Defendant, those allegations are denied.

19.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

<u>**COUNT I**</u>
<u>**VIOLATION OF STATE WAGE AND HOUR LAWS**</u>

20.   In response to Paragraph 20 of Plaintiffs' Complaint, Defendant reasserts and realleges all of the responses contained above as though fully set forth herein.

21.   Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.   Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

## COUNT II
## VIOLATION OF THE FLSA (29 USC §201, *et seq.*)

23.   In response to Paragraph 23 of Plaintiffs' Complaint, Defendant reasserts and realleges all of the responses contained above as though fully set forth herein.

24.   Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.   Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.   Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.   The allegations contained in Paragraph 27 of Plaintiffs' Complaint are not factual contentions and call for a legal conclusion; therefore, no response is required.  In the event that any of the allegations contained therein can be construed against Defendant, those allegations are denied.

## COUNT III
## BREACH OF CONTRACT

28.   In response to Paragraph 28 of Plaintiffs' Complaint, Defendant reasserts and realleges all of the responses contained above as though fully set forth herein.

29.   Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.   Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

## COUNT IV
### UNJUST ENRICHMENT

32. In response to Paragraph 32 of Plaintiffs' Complaint, Defendant reasserts and realleges all of the responses contained above as though fully set forth herein.

33. Defendant admits the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

### JURY DEMAND

37. In response to Paragraph 37 of Plaintiffs' Complaint, Defendant acknowledges that Plaintiffs seek a jury.

38. All allegations in the Complaint not expressly admitted in this Answer are denied.

### AFFIRMATIVE DEFENSES

1. As a separate and alternative affirmative defense, Defendant states that Plaintiffs failed to mitigate those damages requested in Plaintiffs' Complaint.

2.     As a separate and alternative affirmative defense, Defendant states that to the extent Plaintiffs and/or others are entitled to any back pay, the wages Defendant paid constituted compensation for all hours worked.

3.     As a separate and alternative affirmative defense, Defendant states that Plaintiffs and members of the proposed collective action may not be similarly situated as the potential claims reflect variability.

4.     As a separate and alternative affirmative defense, Defendant states that Plaintiffs' Complaint fails, in whole or in part, to state a claim for which the requested relief may be granted.

5.     As a separate and alternative affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

6.     As a separate and alternative affirmative defense, Defendant states that, at all times relevant, Defendant satisfied the requirements of the FLSA or had objectively reasonable grounds for believing that any act or omission giving rise to a failure to pay did not violate the FLSA.

7.     As a separate and alternative affirmative defense, Defendant states any alleged violations of the FLSA or New Mexico Minimum Wage Act are *de minimis.*

8.     As a separate and alternative affirmative defense, Defendant states that, pursuant to 29 USC §259, its actions with respect to the Plaintiffs were taken in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approval, or interpretation, of the Administrator of the Wage and Hour Division of the Department of Labor, or an administrative practice or enforcement policy of the Wage and Hour Division of the Department of Labor.

9.     As a separate and alternative affirmative defense, Defendant states that, pursuant to 29 USC §260, its actions with respect to the Plaintiffs were taken in good faith and that Defendant had reasonable grounds for believing that its actions or omissions were not in violation of the Fair Labor Standards Act or the New Mexico Minimum Wage Act.

10.    As a separate and alternative affirmative defense, Defendant states that Plaintiffs have a duty to mitigate harm by complying with the County pay practice policies and did not internally report any FLSA violations.

11.    As a separate and alternative affirmative defense, Defendant states that, at all times relevant, it acted properly, in good faith, and in accordance with its duties under the law, did not intentionally, willfully, wantonly or maliciously, recklessly or negligently act to deny Plaintiffs any lawful compensation and, accordingly, is not liable for willful violations and/or liquidated damages.

12.    As a separate and alternative affirmative defense, Defendant states that the claims contained in Plaintiffs' Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure.  The extent to which Plaintiffs' claims may be barred by one or more of said affirmative defenses, not specifically set out above, cannot be determined until Defendant has had the opportunity to complete discovery. Defendant, therefore, incorporates all such affirmative defenses as if fully set forth therein.

13.    Defendant reserves the right to amend its Answer to assert additional defenses as they become known during the course of this litigation.

WHEREFORE, Defendant, Board of County Commissioners of the County of Hidalgo, having fully answered Plaintiffs' Complaint, and having asserted affirmative defenses thereto, prays for the dismissal of all of Plaintiffs' claims for damages, with prejudice, for recovery of

any costs of this action or attorney fees allowed by law, and for such other and further relief as

this Court may deem just and proper.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Agnes Fuentevilla Padilla*

Agnes Fuentevilla Padilla
Attorneys for Defendant
P.O. Box 3170
Albuquerque, NM  87190
(505) 884-0777
afpadilla@btblaw.com

I HEREBY CERTIFY that on the 6th day of
November, 2013, I filed the foregoing electronically
through the CM/ECF system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

James A. Montalbano, Esq.
james@youtzvaldez.com

/s/ *Agnes Fuentevilla Padilla*
Agnes Fuentevilla Padilla